ARLINGTON STATE BANK OF ARLINGTON, APPELLANT, V.
HENRY LOW, APPELLEE.

FILED MARCH 22, 1924. NO. 22718.

Evidence examined, and *held* sufficient to sustain the verdict and judgment of the trial court.

APPEAL from the district court for Dodge county: FREDERICK W. BUTTON, JUDGE. *Affirmed.*

*Dolezal, Spear & Mapes,* for appellant.

*Courtright, Sidner, Lee & Gunderson,* contra.

Heard before MORRISSEY, C. J., LETTON, ROSE, DAY, and GOOD, JJ.

DAY, J.

This action was brought by the plaintiff bank, as purchaser in due course of an alleged promissory note for $600, purporting to be signed by the defendant, Henry Low. The defense interposed was that the note was a forgery. The jury returned a verdict for the defendant, upon which judgment was entered, and plaintiff appeals.

An examination of the record discloses the following facts: On March 21, 1919, the defendant gave a note for $40 for stock remedy to an agent of the Arlington Stock Remedy Manufacturing Company, which company was operated solely by E. O. Burroughs. This note was paid when due. At the time of the sale the agent agreed to return to defendant's home on March 24, 1919, and assist in feeding some of the stock remedy to his hogs. On March 24, 1919, which is also the date of the $600 note now in suit, Mr. Burroughs came to defendant's home, instead of the sales agent. With Mr. Burroughs was a Mr. H. J. Hammang. They remained at defendant's place about one hour, and during this time tried to induce defendant to accept an agency and sell the stock remedy for Burroughs, which offer was declined by defendant.

In regard to whether or not the note in question was

executed, defendant Low on direct examination testified as follows: "Q. Did you sign any note that day (March 24, 1919)? A. I had no dealings; didn't sign nothing with him. Q. Did you sign that note? A. No, sir. * * * Q. Did you sign exhibit 'A,' a $600 note, any time? A. No, sir." The defendant's wife, who was present when Burroughs and Hammang were at defendant's home, testified on direct examination as follows: "Q. Did he (Mr. Low) sign any note on that day (March 24, 1919)? A. He did not."

There is no evidence in the record showing that the $600 note was executed by defendant Low on March 24, 1919. When the case was tried Burroughs had disappeared, and Mr. Hammang was not called as a witness by plaintiff, and so evidently he knew nothing of the note now in suit. On March 26, 1919, Burroughs, who had been dealing with plaintiff bank for some time, discounted the note to the bank. On July 5, 1919, defendant gave a note for $800 for stock remedy, and the same was paid. On March 20, 1920, the plaintiff sent a notice to defendant that the note would be due on April 1, 1920, and asking him to remit payment. Defendant thereupon went to his banker at Scribner, Nebraska, a Mr. Keller, and had him write a letter to plaintiff regarding the matter.

On behalf of plaintiff, a banker from Omaha testified as a handwriting expert, and, after making a comparison of the signature on the note in suit with defendant's signature on several checks and tax schedules introduced in evidence, stated that in his opinion it was defendant's signature on the $600 note.

As to his transactions with the Arlington Stock Remedy Manufacturing Company, defendant Low testified as follows: "Q. Between the time of giving the $40 note on the 21st of March, and the giving of the $800 note the 5th of July, you did not have any transaction with him (Mr. Burroughs) at all of any kind? A. No, sir. Q. Did you during that time receive from the Arlington Stock Remedy

Manufacturing Company, or whatever the name is, any stock food except that that was paid for by the $40 note? A. No, sir."

The real question in the case is purely one of fact as to whether the note was genuine or a forgery. This question was submitted to the jury upon conflicting testimony. It is a well-settled principle that the verdict of a jury on conflicting testimony will not be disturbed on appeal, unless clearly wrong. In this case we cannot say the verdict is clearly wrong.

The plaintiff insists that the court erred in admitting evidence that defendant had received no consideration for the note in question. It is contended that this was clearly prejudicial to plaintiff's rights, because, under a defense of forgery, the sole question involved was the signature to the note and nothing else. Plaintiff claims that when such evidence is before the jury to the effect that the man who is to pay the note has received nothing for it, the jury know no innocent purchaser, due course of business, or any other legal proof, and only know "that a bank can lose it easier than a farmer." We see no merit in this contention. We think that evidence tending to show that, at the time the note was supposed to have been executed, no business dealings were had between defendant and the stock remedy company, and no goods received by defendant from the company under such a note as the one in suit, was competent. It seems reasonable to assume that, under this record, if defendant had given the $600 note he would have ordered some of the stock remedy under this note, instead of waiting more than three months and then giving an $800 note and ordering stock remedy under this latter note.

Complaint is made by plaintiff that the court erred in giving instruction No. 7, which is as follows: "There can be no doubt that, where a signature is placed on a bill of exchange or a promissory note under circumstances that constitute it a forgery, no liability attaches to the person whose signature it purports to be, even where the instrument has come into the hands of a holder in due course.

If an action is brought on the instrument the party has a complete and perfect defense, or he may appeal to a court of chancery for affirmative relief." It is evident that this instruction is too lengthy, but in substance it correctly stated the law to be that, if a note is a forgery, no liability is imposed on the purported signer by it, even though it has passed into the hands of an innocent purchaser in due course. We cannot see any prejudicial error in this instruction. The only question in the case, being a disputed question of fact, was properly one for the jury's determination.

We are satisfied from a careful examination of the record that the verdict and judgment of the trial court are supported by the evidence, and are right.

The judgment of the trial court is, therefore,

AFFIRMED.